UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF THE:

MARINE TOWING & SALVAGE
OF S.W.FL., INC., as owners and/or
owners *pro hac vice* of a 1991 24'
Rib/Tow Vessel, Hull ID No.
FLZ24RB91181, Registration Number
FL8015SM, in a cause of action for
Exoneration from and/or
Limitation of Liability,

      Petitioner.

                            Case No.:  2:21-cv-44-FtM-66MRM

_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Entry of Final Judgment of Exoneration of

Liability, which the Undersigned construes as a motion for final default judgment,

filed by Petitioner on June 7, 2021.  (Doc. 31).  Petitioner Marine Towing & Salvage

of S.W.FL., Inc., as Owners or Owners *Pro Hac Vice* of the 1991 24' Rib/Tow Vessel,

bearing Hull Identification Number FLZ24RB91181, ("Vessel"), requests that the

Court enter Final Judgment of Exoneration of Liability against all non-appearing

potential claimants.  (*Id*. at 1).  Although the motion does not state whether it is

opposed, given the nature of the relief requested and in light of the settlement

between Petitioner and Joann Manipole – the only appearing claimant – the

Undersigned finds good cause to consider the motion before the response period

prescribed by M.D. Fla. R. 3.01(c) expires.  Because the Undersigned finds that the required notice has been provided and the time for filing a claim in this action has expired, the Undersigned respectfully recommends that Petitioner's motion be **GRANTED**.

## BACKGROUND

Pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims, Petitioner filed this action on January 15, 2021, to limit liability arising out of an incident involving the Vessel, alleged to have occurred on September 15, 2019. (Doc. 1 at 1-3).  On February 4, 2021, the Court entered a Monition that, *inter alia*, directed potential claimants to appear and respond to this action on or before April 4, 2021.  (Doc. 11 at 2).

In accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's February 4, 2021 Order, Petitioner caused the Notice of Monition to be published in The News Press, a daily newspaper published in Fort Myers, Lee County, Florida on February 12, 19, 26, 2021 and March 5, 2021.  (*See* Doc. 31-1 at 1).  Proof of the publication is attached to Petitioner's Motion for Entry of Final Judgment of Exoneration of Liability.  (*Id.*).  Additionally, in accordance with Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's February 4, 2021 Order, Petitioner averred that it served a Notice on counsel for a possible known claimant, Joann Manipole, and provided a copy of (1) the Petition and Complaint, (2) the Court's Order Approving *Ad Interim*

Stipulation of Value, Directing Issuance of Notice and Injunction, and (3) the Court's Monition.  (Doc. 14).

On May 20, 2021, Petitioner filed a Notice of and Request for Entry of Default, seeking a Clerk's Default against all non-appearing potential claimants. (Doc. 25).  On May 24, 2021, this Court entered an Order granting the Notice of and Request for Entry of Default.  (Doc. 29).  This Court found that Petitioner complied with the notice requirements pursuant to Supplemental Rule F(4), Section 6(a) of the Middle District of Florida Admiralty and Maritime Practice Manual, and this Court's February 4, 2021 Order.  (*Id*. at 2).  The Court ordered Petitioner to file a Motion for Default Judgment against all persons and entities that have not filed a claim in this action no later than June 7, 2021.  (*Id*. at 3).  On May 25, 2021, the Clerk of Court entered a clerk's default "against all persons and entities that have not filed a claim in this action."  (Doc. 30).  On June 7, 2021, Petitioner filed the instant motion.  (Doc. 31).

Because Petitioner has sufficiently complied with this Court's Orders, the applicable provisions of Supplemental Rule F, and Chapter Six of the Middle District of Florida Admiralty and Maritime Practice Manual, and only Joann Manipole has filed a claim in this case, the Court finds good cause to grant Petitioner's request.[1]

---

[1]  The Undersigned notes that Claimant Joann Manipole has settled her claims with Petitioner and the parties have filed a Stipulation of Dismissal with Prejudice.  (*See* Docs. 22, 28).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a default final judgment." *Matter of Complaint of Wild Fla. Airboats, LLC*, No. 6:16-cv-2207-Orl-31-GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted sub nom. In re Wild Fla. Airboats, LLC*, No. 6:16-cv-2207-Orl-31-GJK, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) (citing Fed. R. Civ. P. 55).  First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought.  Fed. R. Civ. P. 55(a).  Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the party entitled to judgment must apply to the district court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  This Court has consistently "applied the same two-step procedure in cases under the Limitation of Liability Act."  *See Wild Fla. Airboats*, 2017 WL 3891777, at *2 (internal citation omitted).  Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> Claims and Answer.  Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . .  If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supp. R. F(5).

Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.  The date so fixed shall not be less than [thirty] days after issuance of the notice. . . .  The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supp. R. F(4).

Based on the foregoing rules, default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules.  *See* Supp. R. F(4); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a exoneration from or limitation of liability action must first publish a notice of the action in a newspaper for four consecutive weeks).

## ANALYSIS

Here, the Undersigned finds that Petitioner has sufficiently fulfilled the requirements under the rules.  *See* Supp. R. F(4).  The record shows that Petitioner provided Claimant Joann Manipole with notice of this action on March 8, 2021.

(Doc. 14).  Although Petitioner should have provided Claimant Joann Manipole with notice no later than February 19, 2021, *see* Supp. R. F(4), Claimant Joann Manipole, nevertheless, filed and settled her claim.  (*See* Docs. 15; 22; 28). Moreover, Claimant Joann Manipole's claim is unaffected by the instant motion. No other potential claimants to this action have filed answers and/or claims, or otherwise appeared in this action.  Petitioner has also otherwise complied with the rules by publishing the court-approved notice once a week for four consecutive weeks.  (Doc. 31-1).

The Court approved notice states that the deadline for filing a claim and answer was April 4, 2021, and that the failure to file a claim would result in being defaulted.  (*See* Docs. 10, 11).  The April 4, 2021 deadline has passed, and only Joann Manipole has filed a claim in this action.  (*See* Doc. 15).  No other parties have filed claims or served an answer in this case.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Motion for Entry of Final Judgment of Exoneration of Liability (Doc. 31), construed as a motion for final default judgment, be **GRANTED**;

2. Default Judgment be entered against all persons and entities that have not filed a claim in this action by the April 4, 2021 deadline.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 9, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties